UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>RONALD J. HARRIS, et al.,<br><br>Defendants. | Case No.  12-cv-06529 NJV<br><br>**ORDER TO SHOW CAUSE; ORDER VACATING PRETRIAL CONFERENCE; ORDER VACATING TRIAL** |

Plaintiff asserts five claims for relief in this action: (1) a claim under 42 U.S.C. § 2000a-2 for violation of 42 U.S.C. § 2000a; (2) a violation of California Civil Code § 51.5(a); (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) declaratory relief.  Plaintiff asserts that this court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff relies on 42 U.S.C. § 2000a-3, which provides for civil actions for injunctive relief based on acts prohibited by 42 U.S.C. § 2000a-2.  Section 2000a-2 prohibits, in part, deprivation of, or interference with, the rights secured by Sections 2000a and 2000a-1.

42 U.S.C. § 2000a(a) provides as follows:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(b) provides as follows:

> Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or

if discrimination or segregation by it is supported by State action:
(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

The establishment in this case is a self storage business. Such businesses are not among those listed under subsection (b) above as a place of public accommodation under 42 U.S.C. § 2000a. Further, it appears that the list above is exhaustive. *See* 110 Cong.Rec. 1520 (1964) (explaining that "in addition to these enumerated establishments" the establishments described in subsection (4) would also be covered); *Id*. at p. 1522 (explaining the provisions of Title II of the Civil Rights Act of 1964, and stating that "[t]hese provisions are applicable to certain designated establishments - places of lodging, eating places, gasoline stations, and places of exhibition or entertainment"); *Id*. at p. 1525 (stating that the proposed legislation "would preclude discrimination or segregation at any of the establishments specifically enumerated in that section (e.g., hotels, motels, restaurants, and other eating facilities, gasoline stations, places of public entertainment) if such discrimination or segregation 'is supported by State action'"); *Id*. at p. 1526 (proposed legislation "does not extend to all establishments in which discrimination may be 'supported' by the State; section 201 covers, even with regard to State action, only those establishments within the specific categories defined in the section; i.e., hotels, motels, eating places, gasoline stations, places of amusement, etc."); *Denny v. Elizabeth Arden Salons, Inc.*, 456

F.3d 427, 431 (4th Cir. 2006) ("The plain text of the statute demonstrates that beauty salons are not covered by Title II. They are not mentioned in any of the numerous definitions of "place of public accommodation."  They also bear little relation to those places of entertainment that are specifically listed, which strongly suggests that a salon would not fall within the catchall language 'other place of exhibition or entertainment.' 42 U.S.C. § 2000a(b)(3).")

It therefore appears that, as Defendants argue, Rainbow Self Storage may not be a place of public accommodation under 42 U.S.C. § 2000a.  If this is so, the claim on which Plaintiff relies for federal subject matter jurisdiction over this action fails.  Therefore, the court will require Plaintiff to show cause why his claim pursuant to 42 U.S.C. § 2000a-2 should not be dismissed either for failure to state a claim upon which relief can be granted or for lack of federal subject matter jurisdiction.  *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993) (court may dismiss a complaint *sua sponte* where inadequacy is apparent as a matter of law); *Skranak v. Castenada,* 425 F.3d 1213, 1216 (9th Cir. 2005) (court obliged to raise lack of subject matter jurisdiction *sua sponte*); *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773 (1946) (jurisdictional dismissals are warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous");  *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

Based on the foregoing, IT IS HEREBY ORDERED:

(1) Plaintiff is GRANTED fourteen (14) days from the date of service of this order within which to SHOW CAUSE why this action should not be dismissed;

(2)  Defendants are GRANTED seven (7) days from the date of service of Plaintiff's brief to file a response;

(3)  The matter will be heard February 18, 2014, at 10:00 am.  The parties may appear telephonically by dialing 888-684-8852 and entering access code 1868782.

3

1    (4)   The Pretrial Conference set for January 22, 2014, is VACATED; and

2    (5)   The trial set for February 24, 2014, is VACATED.

3

4    **IT IS SO ORDERED**.

5    Dated:  January 17, 2013

6    _____
     NANDOR J. VADAS
7    United States Magistrate Judge