UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD J. HARRIS, dba RAINBOW SELF STORAGE, KIM SANTSCHE, BECKY ALSUP, and DOES ONE to FIFTY, inclusive,<br><br>    Defendants.<br>_____/ | No. 1:12-CV-6529 NJV<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING MOTION TO DISMISS; GRANTING DEFENDANTS' REQUEST TO FILE FURTHER MOTIONS<br><br>(Docket Nos. 49, 53) |

In filing this action, Plaintiff asserted that the court had federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff relied on 42 U.S.C. § 2000a-3, which provides for civil actions for injunctive relief based on acts prohibited by 42 U.S.C. § 2000a-2. On April 2, 2013, the court held a case management conference in which it set trial for February 24, 2014. (Docs. 11, 12.)

The parties filed their trial briefs on December 30, 2013. (Doc. 28, 38.) In their trial brief, Defendants argued that Plaintiff was not entitled to relief under 42 U.S.C. § 2000a because Defendant Rainbow Self Storage was not a "place of public accommodation" within the meaning of the statute. (Doc. 38, 6:15-17.) On January 17, 2014, the court entered an order giving Plaintiff fourteen days to show cause why this case should not be dismissed for failure to state a claim upon which relief can be granted or for lack of federal subject matter jurisdiction. (Doc. 43.) The court gave Defendants seven days thereafter to file a response. *Id.* The court also vacated the pretrial conference and the trial. *Id.* The parties filed their responses on January 30, 2014, and February 6,

2014, respectively. (Doc. 44, 45.) In his response to the Order to Show Cause, Plaintiff sought to amend his complaint to plead a new claim for relief pursuant to 42 U.S.C. § 1982. (Doc. 44.) Plaintiff, however, did not file a motion to amend or provide a proposed first amended complaint.

On February 24, 2014, the court entered an order discharging the Order to Show Cause. (Doc. 48.) The court stayed its ruling on federal subject matter jurisdiction to allow Plaintiff to file a motion for leave to file an amended complaint. *Id.*, 1:28-2:2. The court did not rule on Plaintiff's request to amend his complaint, but granted Plaintiff until March 4, 2014, to file a motion to amend, accompanied by a proposed first amended complaint. *Id.*, 2:13-15. The court noted that under Federal Rule of Civil Procedure 16(b)(4), a showing of good cause is required in circumstances such as this where the deadline for amending pleadings set forth in the Case Management Order has passed. *Id.*, 2:11-13.

The court further directed Defendants to file their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and/or Rule 16(b)(4) no later than March 18, 2014. *Id.*, 2: 16-18. Plaintiff filed his Motion for Leave to File a First Amended Complaint on March 3, 2014. (Doc. 49.) Plaintiff's motion was accompanied by a proposed First Amended Complaint.[1] Defendants filed their Motion to Dismiss on March 18, 2014. (Doc. 53.) The matters were heard on April 1, 2014. As set forth below, the court finds that Plaintiff has failed to show good cause for modifying the Case Management Order, and therefore denies Plaintiff's motion to amend. The court further grants Defendants' motion to dismiss and grants Defendants leave to file a motion for attorney's fees and costs and a motion for sanctions under Federal Rule of Civil Procedure 11.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 15, entitled "Amended and Supplemental Pleadings," provides in part as follows:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

---

[1] Plaintiff attached a revised proposed First Amended Complaint to his Reply. (Doc. 55.)

2

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Federal Rule of Civil Procedure 16(b)(4),[2] entitled "Modifying a Schedule," provides that "[a] schedule may be modified only for good cause and with the judge's consent."

## DISCUSSION

### Plaintiff's Motion for Leave to File First Amended Complaint

FRCP 15

In support of his Motion for Leave to File a First Amended Complaint filed March 3, 2014, Plaintiff contends that leave to amend is appropriate under Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." In arguing that justice requires the court to allow amendment in this case, Plaintiff cites *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (1990). There the district court dismissed the complaint for lack of jurisdiction and subsequently denied the plaintiff's motion for leave to file an amended complaint. The Ninth Circuit affirmed the dismissal on appeal, explaining as follows:

> It is true that leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and this policy is to be applied with extreme liberality. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). In this case, however, the district judge was justified in exercising his discretion not to permit the amendment. The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant. *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319–20 (9th Cir.1984). The new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense. Again, this factor is not fatal to amendment, *DCD Programs, Ltd.*, 833 F.2d at 186, but it enters into the balance.
>
> The new federal claims were based upon the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-1968 (1982, [footnote omitted] 25 U.S.C. § 81 (regulating contracts with tribes), criminal depredation and trespass statutes, 18 U.S.C. §§ 1160 and 1163, [footnote omitted] and 42 U.S.C. § 1985. [Footnote omitted.] In light of the radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay, we conclude that the district court did not clearly abuse its discretion in denying leave to amend.

---

[2] All subsequent references to Rules are to the Federal Rules of Civil Procedure, unless otherwise indicated.

3

1 Plaintiff argues that in contrast to the situation in *Morongo Band of Mission Indians*, his proposed
2 new claim is factually identical to the previous claim, and that the delay is less than 8 months. He
3 therefore concludes that the facts do not support denial of leave to amend.

4 Plaintiff fails to note, however, that the Ninth Circuit has directly addressed the application
5 of Rule 15 in instances such as this. In *Coleman v. Quaker Oats*, 232 F.3d 1271, 1294 (9th Cir.
6 2000), the Court held, "[g]enerally, Federal Rule of Civil Procedure 15(a) liberally allows for
7 amendments to pleadings. In this case, however, the district court correctly found that it should
8 address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling
9 order that established a timetable for amending the pleadings, and the deadline had expired before
10 [Plaintiffs] moved to amend." In the present case, the court issued a Case Management Order on
11 April 4, 2013, stating that a party may move to amend the pleadings "no later than 90 days before
12 [the] fact discovery cutoff date." *See* Doc. 12 at 1. The fact discovery cutoff date was October 18,
13 2013. Plaintiff did not move to amend the Case Management Order until March 3, 2014, almost 5
14 months <u>after</u> the discovery cutoff date. Therefore, the deadline for amendment expired before
15 Plaintiff moved to amend, and Plaintiff's motion to amend must be analyzed under Rule 16, as set
16 forth below.

17 FRCP 16(b)

18 Plaintiff contends that there is good cause under Rule 16(b) for amendment of the Case
19 Management Order to allow him to file a first amended complaint. He presents three supporting
20 contentions. Plaintiff first contends that he had no dilatory motive in failing to move to amend
21 earlier. Repeating the argument he made at the April 1, 2014 hearing, Plaintiff's Counsel states that
22 he assumed that "public accommodation" under 42 U.S.C. § 2000e was equivalent to "public
23 accommodation" under the Americans with Disabilities Act. He argues that minor negligence on the
24 part of Counsel does not amount to dilatory motive. Finally, he argues that none of the parties to
25 this litigation has engaged in litigation gamesmanship. Second, Plaintiff contends that amendment
26 would cause no prejudice to Defendants, because his proposed claim pursuant to 42 U.S.C. § 1982 is
27 based on the termination of his lease of storage space based on alleged racial profiling, as was his
28 claim under 42 U.S.C. § 2000a. Thus, the facts which supported his claim under 42 U.S.C. § 2000a

4

would support the proposed claim. Third, Plaintiff contends that amendment is not futile, arguing that there is more than sufficient evidence for a jury to find there was discrimination. (Defendants dispute Plaintiff's view of the evidence, claiming that there is no evidence of discrimination.)

In making these contentions, Plaintiff demonstrates a misunderstanding of the standard for amending a case management order issued by the court. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The Ninth Circuit discussed this standard and its application in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992). In that case, after bringing a personal injury action against a ski resort's holding company, an injured skier moved to amend his complaint to add the ski resort as a defendant. *Id.* The district court denied the skier's motion and granted the holding company's motion for summary judgment. *Id.* The Ninth Circuit affirmed. In explaining that the outcome would not change if the skier's motion to amend his complaint were treated as a motion to amend the court's scheduling order, the Ninth Circuit explained:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." *Forstmann* [*v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987).] Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971) (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end.
>
> Johnson has failed to demonstrate good cause for his belated motion to amend. As discussed above, Mammoth Recreations's answer to the complaint and response to interrogatories amply indicated that Mammoth Recreations did not own and operate the ski resort, and thus that any theory of liability predicated upon that fact would fail. Moreover, the district court found that Mammoth Recreations's counsel had sent a letter explicitly offering to stipulate to a substitution of the "proper defendant," Mammoth Mountain Ski Area, Inc. Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence.

5

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.

Under this standard, Plaintiff's lack of dilatory motive, the possible prejudice to Defendants or the futility of amendment are not determinative as to whether good cause exists. As set forth above, good cause under Rule 16(b) is based primarily on the diligence of the party seeking the amendment. Here, Plaintiff exhibited a lack of diligence in moving to modify the court's Case Management Order and amend his complaint. Plaintiff, of course, had a duty to prosecute his own case. Beyond that, he was reasonably put on notice of the issue regarding the sufficiency of his complaint by language in the parties' Joint Case Management Conference Statement listing "[w]hether Rainbow Self Storage is a place of public accommodation as defined with the Civil Rights Act of 1964," as a legal issue in the case. (Doc. 8, 2:19-20.) Defendants then highlighted the issue in their Trial Brief filed December 30, 2013. (Doc. 38, 7:1 - 8:13.) As Defendants argue, Plaintiff had the opportunity, at the very least, to move at the Pre-Trial Conference to modify the Case Management Order. Instead, the court was forced to vacate the trial date, and issue an Order to Show Cause, and after that hearing, order Plaintiff to file an appropriate motion.

Plaintiff presents no serious justification for failing to move to amend the court's Case Management Order within the allowable time. He simply argues that "[m]inor negligence on the part of Plaintiff's counsel does not amount to dilatory motive." However "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d at 609. While the court attributes no bad motive to Plaintiff, the court finds that the deadline for amending pleadings set forth in the Case Management Order could reasonably have been met if Plaintiff had exercised diligence in seeking to amend his complaint. *See* Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). The court must therefore find that Plaintiff has failed to carry his burden of showing good cause for seeking to modify the schedule established by this court almost eight months after the deadline for doing so. Accordingly, Plaintiff's Motion for Leave to File a First Amended Complaint is DENIED.

## Defendants' Motion to Dismiss

Defendants move to dismiss this action pursuant to Rule 12(b)(6) on the grounds that Plaintiff has not alleged facts sufficient to support his only federal claim, and that the remaining

6

state law claims are properly dismissed pursuant to 28 U.S.C. § 1367(c). Plaintiff's sole federal claim is based on 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation based on race, color, religion or national origin.[3]

The establishment in this case is a self storage business. Such businesses are not among those listed in § 2000a(b) as a place of public accommodation under 42 U.S.C. § 2000a. At the hearing on February 18, 2014, Plaintiff's Counsel confessed error on this issue, conceding that Rainbow Self Storage is not a place of public accommodation within the meaning of 42 U.S.C. Section 2000a.

In moving to dismiss, Defendants reiterate that Rainbow Self Storage is not a "public accommodation" within the meaning of 42 U.S.C. § 2000a, and argue that Plaintiff's claim under that statute fails to state a claim upon which relief can be granted. Defendants separately oppose Plaintiff's motion to amend, and further argue that the court should use its discretion not to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1357(c) over Plaintiff's state law claims. Defendants request that the court dismiss Plaintiff's § 2000a claim with prejudice and dismiss all remaining state law claims.

---

[3] 42 U.S.C. § 2000a(a) provides as follows:
All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.
42 U.S.C. § 2000a(b) provides as follows:
(b) Establishments affecting interstate commerce or supported in their activities by State action as places of public accommodation; lodgings; facilities principally engaged in selling food for consumption on the premises; gasoline stations; places of exhibition or entertainment; other covered establishments
Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

The court having denied Plaintiff's Motion for Leave to File a First Amended Complaint, the original complaint remains the operative complaint. Based on Plaintiff's concession that Rainbow Self Storage is not a place of public accommodation under the statute, the court must find that his claim under § 2000a fails to state a claim on which relief can be granted. The court must therefore dismiss that claim pursuant to Rule 12(b)(6). The remaining issue is whether the court should exercise its discretion to retain jurisdiction over Plaintiff's remaining state law claims. A district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Here, where the court has dismissed Plaintiff's sole federal claim, the court finds it most appropriate to decline to retain jurisdiction over Plaintiff's four remaining state law causes of action. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 651 (9th Cir. 1984) ("[w]hen federal claims are dismissed before trial, as Jones' section 1983 claim was here, pendant state claims also should be dismissed." (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966))). Accordingly, the court will dismiss Plaintiff's supplemental state law claims.

**Attorneys' Fees and Costs**

In opposing Plaintiff's motion to amend, Defendants ask that any leave to amend be conditioned on the payment of attorneys' fees and costs in the amount of $16,135.87 for preparing for trial and for litigating the recent motions. As set forth above, the court denies Plaintiff's motion to amend. The court will therefore allow Defendants to submit a request for attorneys' fees which reflects that ruling. Defendants also ask the court to modify the Case Management Order to allow them to file a motion pursuant to Rule 11, Federal Rules of Civil Procedure. The court will grant that request.

**ORDER**

1) Plaintiff's Motion for Leave to File a First Amended Complaint is DENIED;

2) Defendants' Motion to Dismiss is GRANTED;

3) Plaintiff's claim pursuant to 42 U.S.C. § 2000a is DISMISSED with prejudice for failure to state a claim on which relief can be granted;

4) The court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claw claims and those claims are therefore DISMISSED without prejudice to Plaintiff's right to assert those claims in state court; and

5) Defendants are GRANTED 30 days to file further motions as set forth above. Briefing shall proceed in accordance with the Civil Local Rules.

IT IS SO ORDERED.

Dated: April 9, 2014



Judge Nandor J. Vadas